**WELLS v. UNITED STATES.**

No. 14854.

United States Court of Appeals
Fifth Circuit.

Feb. 9, 1954.

Selvie Winfield Wells, in pro. per.

Chas. F. Herring, U. S. Atty., Bradford F. Miller, Asst. U. S. Atty., San Antonio, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order of the district court denying appellant's motion to vacate a judgment and sentence. The appellant entered a plea of guilty to an indictment in four counts charging the robbery of a bank by force and violence, assault upon a person in the commission of the robbery, robbery of the bank by putting the life of a person in jeopardy by the use of a dangerous weapon, and entering the bank with the intention of committing a felony therein. He was sentenced to the maximum imprisonment for each count, to be served consecutively. This is the fourth motion filed by the appellant to vacate said judgment and sentence. As reported in 124 F.2d 334, the first motion resulted in the setting aside of the sentence on counts one and two for the reason that the first three counts alleged only one offense, and only one sentence should have been imposed thereon. This court upheld the sentence imposed on the fourth count, as it was a separate and distinct offense. 124 F.2d 334.

■■ The appellant raises the question as to whether the sentence on count four is void for the reason that it constitutes a conviction for the same offense as described in count three. We are of the opinion that the decision of this court in Wells v. United States, 124 F.2d 334, involving the same question, clearly held the appellant's entry of the bank with the intent to rob it to be a separate offense. The motion made by appellant under Section 2255 of Title 28 of the United States Code is addressed to the sound discretion of the trial court, and the statute provides that it is not required to entertain a second motion for similar relief on behalf of the same prisoner. The discretion of the trial court in denying the motion was not abused. The judgment appealed from is affirmed.

Affirmed.