**WELLS v. SWOPE, Warden.**

No. 33471.

United States District Court
N. D. California, S. D.

June 4, 1954.

Morris M. Grupp, San Francisco, Cal., for petitioner.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for respondent.

HARRIS, District Judge.

Petitioner, confined at Alcatraz Penitentiary, seeks to obtain his release. In his petition for writ of habeas corpus petitioner alleges that he has completed service of a twenty-five year sentence imposed for bank robbery by the District Court in Texas. A consecutive sentence of twenty years remains unserved. Petitioner attacks such sentence on the ground that it is void and constitutes double jeopardy.

The procedural record discloses that petitioner received an initial sentence of ninety years based on four counts arising out of violation of 12 U.S.C.A. § 588b, (a) and (b).[1] On a motion filed for cor-

---

1. "Robbery of bank; * * *

"(a) Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank; or whoever shall enter or attempt to enter any bank, or any building used in whole or in part as a bank, with intent to commit in such bank or building, or part thereof, so used, any felony or larceny, shall be fined not more than $5,000 or imprisoned not more than twenty years, or both; or whoever shall take and carry away, with intent to steal or purloin, any property or money or any other thing of value exceeding $50 belonging to, or in the care, custody, control, management, or possession of any bank, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or whoever shall take and carry away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $50 belonging to, or in the care, custody, control, management, or possession of any bank, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

"(b) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) of this section,

rection of sentence in 1941 petitioner succeeded in having the trial court, upon remand, eliminate the first two counts, with sentences totalling forty-five years. Wells v. United States, 5 Cir., 124 F.2d 334.

More recently he sought relief in the District Court for the Northern District of California through a writ of habeas corpus, contending that the trial court had jurisdiction and authority to sentence him under one count only, such count including the lesser offenses described in the first three counts. Honorable Louis Goodman dismissed the petition on the ground that Wells had failed to present the matter to the sentencing court as required by 28 U.S.C.A. § 2255.

In accordance with the directions contained in the order made by this court, petitioner again sought relief in the trial court of Texas. He was unsuccessful in obtaining a further correction of sentence. On appeal, the Fifth Circuit sustained the trial court's ruling as the exercise of the trial court's discretion. Wells v. United States, 210 F.2d 112.

Petitioner has now filed a petition for writ of habeas corpus in this Court. He contends that he has now exhausted all remedies.

■ Petitioner alleges that the additional sentence of twenty years for "entering the bank with the intention to commit a felony therein" is void and invalid, as it necessarily merged with the other sentence which has now been served, covering the offense in the aggravated form. § 588b, 12 U.S.C.A.

The motion to dismiss filed by the respondent asserts that this Court is without jurisdiction to entertain the petition. Winhoven v. Swope, 9 Cir., 195 F.2d 181. It is conceded that petitioner has served twenty-five years of his sentence.

Under the law of the Ninth Circuit, Stevenson v. Johnston, D.C., 72 F.Supp. 627, affirmed 163 F.2d 750, petitioner has completed service of the only valid sentence which the Court might impose for the act of armed robbery for which he has served his twenty-five year sentence. Cf. Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392. The problem before this Court involves the contemplation of a judgment and sentence which is *void*.

It is not necessary to go beyond the judgment and commitment[2] to deter-

---

assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both." Now 18 U.S.C.A. § 2113.

2.  U. S. v. Wells, No. 11848, U. S. Dist. Ct., Western District of Texas, San Antonio Division; April 13, 1938.
"It is the order and sentence of the Court, that the defendant, Selvie Windfield Wells, for the said offense by him committed and charged in the first count of the indictment, be imprisoned for the period of Twenty (20) years in a United States Penitentiary to be designated by the Attorney General of the United States; and for the said offense by him committed and charged in the second count thereof, be imprisoned for the period of twenty-five (25) years in a United States Penitentiary, to be designated by Attorney General of the United States, said sentence of imprisonment imposed under the second count of the indictment to begin at the expiration of that imposed under the first count thereof; and for the said offense by him committed and charged in the third count thereof, be imprisoned for the period of twenty-five (25) years in a United States Penitentiary, to be designated by the Attorney General of the United States, said sentence of imprisonment imposed under the third count of the indictment to begin at the expiration of that imposed under the second count thereof; and for the said offense by him committed and charged in the fourth count thereof, be imprisoned for the period of twenty (20) years, in a United States Penitentiary to be designated by the Attorney General of the United States, said sentence of imprisonment imposed under the fourth count of the indictment, to begin at the expiration of that imposed under the third count thereof, and that said defendant be, and he is hereby, committed to the custody of said Attorney General or his authorized representative."

mine that the additional sentence under which the petitioner is now serving at Alcatraz Penitentiary is invalid; such fact is manifest from the record itself without the requirement of taking evidence.

Bound as I am by the law of this Circuit, the only question that now arises is whether this Court is foreclosed, under the circumstances present, from declaring the sentence void and granting appropriate relief.

I cannot conceive that Section 2255, Title 28 U.S.C.A. has so far supplanted the traditional writ of habeas corpus as to preclude this Court from granting the relief prayed for, particularly when it appears a miscarriage of justice will result.

If habeas corpus is not available to petitioner under the extreme circumstances of this case, then it is clear that procedural due process has not been, and cannot be, accorded to Wells. Procedural rigidity should not be permitted to supplant substantial justice. In Brown v. Allen, 344 U.S. 443, 512, 73 S.Ct. 397, 449, 97 L.Ed. 469, Mr. Justice Frankfurter said, with reference to the writ of habeas corpus:

> "The circumstances and conditions for bringing into action a legal remedy having such potentialities obviously cannot be defined with a particularity appropriate to legal remedies of much more limited scope. To attempt rigid rules would either give spuriously concrete form to wide-ranging purposes or betray the purposes by strangulating rigidities."

Petitioner has taken the procedural steps required by 28 U.S.C.A. §§ 2255, at the behest of this Court. His petition for relief proved to be unavailing. This, despite the fact that the sentence he is now serving and which he challenged, is *void*. The decision of the sentencing court is manifestly erroneous. Stevenson v. Johnston, supra. Habeas corpus is the sole remedy remaining to petitioner for establishing his right to release.

I am privileged to note herein that Honorable LOUIS GOODMAN joins with me in declaring that the sentence under which petitioner Wells is now confined in Alcatraz Penitentiary is void.

This statement is made to the end that no inferences may be drawn from the prior ruling of Judge GOODMAN in this case.

The petitioner may have his relief as prayed. The judgment and sentence in question is declared to be, and the same is, void and invalid.

The writ of habeas corpus may issue.

GOODMAN, District Judge, concurs.