PRINCE *v.* UNITED STATES.

No. 132.   Argued December 11, 1956.—Decided February 25, 1957.

*Joseph P. Jenkins* argued the cause and filed a brief for petitioner.

*Beatrice Rosenberg* argued the cause for the United States.   With her on the brief were *Solicitor General Rankin, Assistant Attorney General Olney* and *Felicia Dubrovsky.*

Mr. Chief Justice Warren delivered the opinion of the Court.

The question presented by this case calls for interpretation of the Federal Bank Robbery Act. 18 U. S. C. § 2113.[1] That statute creates and defines several crimes incidental to and related to thefts from banks organized or insured under federal laws. Included are bank robbery and entering a bank with intent to commit a rob-

---

[1] "(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

"Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

"(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or

"Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

.        .        .        .

"(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

bery.[2]   We must decide here whether unlawful entry and robbery are two offenses consecutively punishable in a typical bank robbery situation.

Petitioner entered the Malone State Bank, in Malone, Texas, through an open door and during regular banking hours.   He asked for and received certain directions. Thereupon he displayed a revolver, intimidating a bank employee and putting his life in jeopardy, and thus consummated a robbery.   A grand jury returned a two-count indictment against him.   The first charged the robbery offense; the second, entering the bank with the intent to commit a felony.   Petitioner was convicted on both counts, and the district judge sentenced him to 20 years for robbery and 15 years for entering.   The sentences were directed to be served consecutively.   Some years thereafter, petitioner filed a "Motion to Vacate or Correct Illegal Sentence."   The District Court, treating it as a proceeding under Rule 35 of the Federal Rules of Criminal Procedure, denied relief without conducting a hearing.   The Court of Appeals for the Fifth Circuit affirmed. 230 F. 2d 568.

Whether the crime of entering a bank with intent to commit a robbery is merged with the crime of robbery when the latter is consummated has puzzled the courts for several years.   A conflict has arisen between the circuits.[3]   We granted certiorari because of the recurrence

[2] As used in this opinion, "robbery" and "larceny" refer not to the common-law crimes, but rather to the analogous offenses in the Bank Robbery Act.

[3] In accord with the decision of the Fifth Circuit is its own earlier ruling in *Durrett* v. *United States,* 107 F. 2d 438, and *Rawls* v. *United States,* 162 F. 2d 798, decided by the Tenth Circuit.   Another decision of the Fifth Circuit affirmed consecutive sentences for robbery and entering with intent to commit robbery.   *Wells* v. *United States,* 124 F. 2d 334.   However, the prisoner, appearing *pro se,* had not raised a question of merger of these offenses in that proceeding. When he tried to do so later, the court held that he was barred

of the question and to resolve the conflict. 351 U. S. 962. In addition to the Court of Appeals cases on the precise question, both petitioner and the Government cite as analogous other cases that involved fragmentation of crimes for purposes of punishment.[4] None of these is particularly helpful to us because we are dealing with a unique statute of limited purpose and an inconclusive legislative history. It can and should be differentiated from similar problems in this general field raised under other statutes. The question of interpretation is a narrow one, and our decision should be correspondingly narrow.

The original Bank Robbery Act was passed in 1934. It covered only robbery, robbery accompanied by an aggravated assault, and homicide perpetrated in committing a robbery or escaping thereafter. In 1937 the Attorney General requested that the Act be amended. In his letter proposing the bill, the Attorney General declared that

---

on the ground that he was making a second motion under 28 U. S. C. § 2255 for similar relief on behalf of the same prisoner. *Wells* v. *United States,* 210 F. 2d 112. Finally he sought remedy by writ of habeas corpus, but the Ninth Circuit concluded that the earlier § 2255 proceedings precluded jurisdiction. *Madigan* v. *Wells,* 224 F. 2d 577, reversing *Wells* v. *Swope,* 121 F. Supp. 718.

Contrary to the Fifth and Tenth Circuits are determinations of the Sixth Circuit in *Simunov* v. *United States,* 162 F. 2d 314, and a District Court in *Wells* v. *Swope, supra.* To the same effect are dicta in Ninth Circuit cases. *Madigan* v. *Wells, supra,* at 578; *Barkdoll* v. *United States,* 147 F. 2d 617.

[4] *United States* v. *Michener,* 331 U. S. 789; *United States* v. *Raynor,* 302 U. S. 540; *Blockburger* v. *United States,* 284 U. S. 299; *United States* v. *Adams,* 281 U. S. 202; *Albrecht* v. *United States,* 273 U. S. 1; *Morgan* v. *Devine,* 237 U. S. 632; *Gavieres* v. *United States,* 220 U. S. 338; *Burton* v. *United States,* 202 U. S. 344; *Carter* v. *McClaughry,* 183 U. S. 365. See also *Bell* v. *United States,* 349 U. S. 81; *United States* v. *Universal C. I. T. Credit Corp.,* 344 U. S. 218; *Ebeling* v. *Morgan,* 237 U. S. 625; *United States* v. *Daugherty,* 269 U. S. 360.

"incongruous results" had developed under the existing law. He cited as a striking instance the case of

> ". . . a man [who] was arrested in a national bank while walking out of the building with $11,000 of the bank's funds on his person. He had managed to gain possession of the money during a momentary absence of one of the employees, without displaying any force or violence and without putting anyone in fear—necessary elements of the crime of robbery— and was about to leave the bank when apprehended. As a result, it was not practicable to prosecute him under any Federal statute."

The Act was amended accordingly to add other crimes less serious than robbery. Two larceny provisions were enacted: one for thefts of property exceeding $50, the other for lesser amounts. Congress further made it a crime to

> ". . . enter or attempt to enter any bank, . . . with intent to commit in such bank or building, or part thereof, so used, any felony or larceny . . . ."

Robbery, entering and larceny were all placed in one paragraph of the 1937 Act.[5]

Congress provided for maximum penalties of either a prison term or a fine or both for each of these offenses. Robbery remained punishable by 20 years and $5,000. The larceny penalties were set according to the degree of the offense. Simple larceny could result in 1 year in jail and $1,000 fine, while the maximum for the more serious theft was set at 10 years and $5,000. No sepa-

---

[5] This appeared in 12 U. S. C. (1946 ed.) § 588b (a). The statute in its present form was enacted by the June 1948 revision. 18 U. S. C. § 2113 (a). The legislative history indicates that no substantial change was made in this revision. It segregated the larceny provisions in § 2113 (b), leaving robbery and unlawful entry in § 2113 (a). See note 1, *supra*.

rate penalty clause was added for the crime of unlawfully entering. It was simply incorporated into the robbery provision.[6]

The Government asks us to interpret this statute as amended to make each a completely independent offense. It is unnecessary to do so in order to vindicate the apparent purpose of the amendment. The only factor stressed by the Attorney General in his letter to Congress was the possibility that a thief might not commit all the elements of the crime of robbery. It was manifestly the purpose of Congress to establish lesser offenses. But in doing so there was no indication that Congress intended also to pyramid the penalties.

The Attorney General cited the situation of larceny to illustrate his position. It is highly unlikely that he would have wanted to have the offender given 10 years for the larceny plus 20 years for entering the bank with intent to steal. There is no reason to suppose that he wished to have the maximum penalty for robbery doubled by the imposition of 20 years for the robbery to which could be added 20 years for entering the bank.[7] Nor is

---

[6] The Bank Robbery Act has, since it was passed in 1934, contained a special provision for increased punishment for aggravated offenses. One who, in committing robbery, assaults any person or puts the life of any person in jeopardy by the use of a dangerous weapon can be sentenced to 25 years in jail or fined $10,000 or both. When the Act was amended in 1937 to add larceny and unlawful entry, these were incorporated in the same paragraph with robbery and thus made subject to the increased penalty under aggravating circumstances. This provision currently is found in 18 U. S. C. § 2113 (d). See note 1, *supra*.

[7] Under the government view, if carried to its logical extreme, one who enters a bank and commits a robbery could be sentenced to 20 years for robbery, 10 years for larceny and 20 years for unlawful entry. The Government conceded that this was error in *Heflin* v. *United States*, 223 F. 2d 371 (robbery and larceny). However, it now declares that its confession of error was made by mistake and that larceny and robbery are separate offenses, cumulatively punishable.

there anything in the reports of the House of Representatives or the Senate or the floor debates to warrant such a reading of the statute.[8]

It is a fair inference from the wording in the Act, uncontradicted by anything in the meager legislative history, that the unlawful entry provision was inserted to cover the situation where a person enters a bank for the purpose of committing a crime, but is frustrated for some reason before completing the crime. The gravamen of the offense is not in the act of entering, which satisfies the terms of the statute even if it is simply walking through an open, public door during normal business hours.[9] Rather the heart of the crime is the intent to steal. This mental element merges into the completed crime if the robbery is consummated. To go beyond this reasoning would compel us to find that Congress intended, by the 1937 amendment, to make drastic changes in authorized punishments. This we cannot do. If Congress had so intended, the result could have been accomplished easily with certainty rather than by indirection.[10]

---

[8] H. R. Rep. No. 732, 75th Cong., 1st Sess.; S. Rep. No. 1259, 75th Cong., 1st Sess.; 81 Cong. Rec. 2731, 4656, 5376–5377, 9331.

[9] This distinguishes the unlawful entry provision in the Bank Robbery Act from a very similar provision relating to post-office offenses. 18 U. S. C. § 2115:

"Whoever *forcibly* breaks into or attempts to break into any post office, or any building used in whole or in part as a post office, with intent to commit in such post office, or building, or part thereof, so used, any larceny or other depredation, shall be fined . . . ." (Italics supplied.)

This section was held to create an offense separate from a completed post-office theft. *Morgan* v. *Devine*, 237 U. S. 632.

[10] Further evidence that Congress was concerned only with proscribing additional activities and not with alteration of the scheme of penalties is revealed by the form in which the bill was cast. Introduced in the House of Representatives, the proposal merely interjected into the robbery provision clauses making larceny and

We hold, therefore, that when Congress made either robbery or an entry for that purpose a crime it intended that the maximum punishment for robbery should remain at 20 years,[11] but that, even if the culprit should fall short of accomplishing his purpose, he could be imprisoned for 20 years for entering with the felonious intent.

While reasonable minds might differ on this conclusion, we think it is consistent with our policy of not attributing to Congress, in the enactment of criminal statutes, an intention to punish more severely than the language of its laws clearly imports in the light of pertinent legislative history.

The judgment of the Court of Appeals is reversed and the case is remanded to the District Court for the purpose of resentencing the petitioner in accordance with this opinion.

*Reversed and remanded.*

MR. JUSTICE BURTON dissents for the reasons stated in the opinion of the Court of Appeals, 230 F. 2d 568.

MR. JUSTICE BLACK took no part in the consideration or decision of this case.

---

entering criminal. H. R. 5900, 75th Cong., 1st Sess.; H. R. Rep. No. 732, 75th Cong., 1st Sess. 2. All three would have made violators subject to the existing penalty clause. During the debate on the floor, Rep. Wolcott pointed to the incongruity of establishing degrees of larceny without corresponding discrimination in punishment. 81 Cong. Rec. 4656. The Committee on the Judiciary then amended the bill to provide for punishments related to the larceny offenses. 81 Cong. Rec. 5376–5377. The Senate accepted the House version without debate. 81 Cong. Rec. 9331; see S. Rep. No. 1259, 75th Cong., 1st Sess.

[11] In this case, petitioner was convicted of robbery aggravated by assault with a deadly weapon and was subject to the maximum of 25 years provided in 18 U. S. C. § 2113 (d). See note 6, *supra.*