**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Stephen WZESINSKI, Defendant-Appellant.**

**No. 12607.**

United States Court of Appeals Seventh Circuit.

June 24, 1959.

☞996(1)

Stephen Wzesinski in pro. per., for appellant.

Kenneth C. Raub, U. S. Atty., Fort Wayne, Ind., George Vann, Asst. U. S. Atty., Gary, Ind., Martin H. Kinney, Asst. U. S. Atty., Hammond, Ind., Charles R. LeMaster, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before DUFFY, Chief Judge, and HASTINGS and CASTLE, Circuit Judges.

DUFFY, Chief Judge.

This appeal involves a construction of the Federal Bank Robbery Act, 18 U.S.C.A. § 2113, formerly 12 U.S.C.A. § 588. Appellant complains of the action of the District Court in setting aside the lesser of the two sentences which had been imposed upon him.

Appellant was convicted on a plea of guilty to an indictment charging violations of the Federal Bank Robbery Act. The first count charged appellant with bank robbery under § 588b(a), now 18 U.S.C.A. § 2113(a, b). Count 2 charged appellant with putting the lives of the bank's employees in jeopardy by the use of a dangerous weapon during the course of robbery, § 588b(b), now 18 U.S.C.A. § 2113(d). Conviction under Count 1 carried with it a maximum sentence of twenty years, and under Count 2, a maximum sentence of twenty-five years.

The District Court imposed a ten-year sentence on Count 1, and a fifteen-year sentence on Count 2, the sentences to be served concurrently. While serving his sentence, appellant filed a pleading in the District Court entitled "Petition to Correct Sentence." He asked the Court to set aside the fifteen-year sentence under Count 2 of the indictment on the ground that the crimes charged against him in the two counts of the indictment constituted only a single sentenceable offense.

The District Court, following Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, held that the acts described in the two counts were but a single punishable offense, and set aside the ten-year sentence which had been imposed under Count 1.

On this appeal there is no dispute as to the correctness of the proposition that the indictment charged only a single punishable offense. Appellant contends, however, that the District Court should have set aside the fifteen-year sentence imposed under Count 2 for the

**864**

reason that only the ten-year sentence under Count 1 was valid.

Appellant relies principally on Prince v. United States, supra, wherein the Supreme Court held that one who entered a bank for the purpose of robbing it, and succeeds, may not be punished for both robbery and unlawful entry. With respect to the act of entry with intent to rob, the Court said, 352 U.S. 328, 77 S.Ct. 407: " * * * the heart of the crime is the intent to steal. This mental element merges into the completed crime if the robbery is consummated, * * *."

Appellant urges the crime of putting lives in jeopardy by the use of a dangerous weapon during the course of a bank robbery likewise merges into the completed crime of bank robbery. We do not agree. Such a holding would be contrary to the clear intent of Congress since it would result in a merger of what Congress has made a greater offense into a crime to which Congress has assigned a lesser penalty. In the Prince case the maximum penalty on each count was the same.

In Gant v. United States, 5 Cir., 161 F.2d 793, the defendant was charged in the first two counts with bank robbery. The third and fourth counts charged such offense was committed in aggravated form. Defendant was found guilty on all counts and was sentenced to ten years on the first and second counts, and to fifteen years on the third and fourth counts, the sentences on the first and second counts to run consecutively with those on the third and fourth counts. The appellate court held the trial court did not err in vacating the shorter sentence and in retaining the longer sentence upon discovery that only one sentence was proper.

Other pertinent cases are Wilson v. United States, 9 Cir., 145 F.2d 734; DuBoice v. United States, 8 Cir., 195 F.2d 371, and United States v. Trumblay, 7 Cir., 234 F.2d 273.

We hold the District Court did not err in retaining the fifteen-year sentence imposed under Count 2 of the indictment.

Affirmed.