John R. **BAYLESS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17155.

United States Court of Appeals Ninth Circuit.

March 23, 1961.

John R. Bayless, in pro. per.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief Criminal Division, Los Angeles, Cal., and John K. Van de Kamp, Asst. U. S. Atty., W. Hollywood, Cal., for appellee.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

PER CURIAM.

This is an appeal from a denial of a motion under § 2255 of Title 28 United States Code after a previous conviction of bank robbery, and an unsuccessful appeal therefrom. Cf. Bayless v. United States, 9 Cir., 1953, 200 F.2d 113, rehearing denied.

Appellant was convicted on three counts, the first of bank robbery (18 U.S.C. § 2113(a)—the second of putting the life of the bank teller in jeopardy by use of a deadly weapon (18 U.S.C. § 2113 (d), and the third of transporting the money robbed from the bank from Los Angeles County to New York City (18 U.S.C. § 2314). Appellant was sentenced to twenty years on Count I, twenty-five years on Count II, and ten years on Count III. The first two sentences ran concurrently, the third was cumulative. In this proceeding, appellant attacks only the sentence on the third count, claiming the crime "merges" with the crimes charged in Counts I and II.

■ The government first urges that appellant has no standing to move under § 2255,—that such section applies only to those "claiming the right to be released," and that appellant claims no such right, and cannot until he has served his time under Counts I and II.

We have frequently so ruled. Brown v. United States, 9 Cir., 1959, 268 F.2d 118; Toliver v. United States, 9 Cir., 1957, 249 F.2d 804; Hoffman v. United States, 9 Cir., 1957, 244 F.2d 378; Oughton v. United States, 9 Cir., 1954, 215 F.2d 578; Crow v. United States, 9 Cir., 1950, 186 F.2d 704.

This rule has been adopted by a present majority of the Supreme Court. Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407; McNally v. Hill, 1934, 293 U.S. 131, 137, 55 S.Ct. 24, 79 L.Ed. 238. But whether such rule is sound or not, relief to plaintiff under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. is, with limitations, available. Heflin v. United States, 358 U.S. 415, 418 and concurring opinion, at page 422, 79 S.Ct. 451, at page 455.

■ We agree with the lower court. Count III did not charge a transportation of the money out of the bank at the time of the robbery. It was a separate act involving a different intent, and required different evidence to establish guilt.[1] Both *violation* of Counts I and II, vis-a-vis III, and *proof of violation* of the respective prohibited acts, were "distinctly different." Gore v. United States, 1958, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed. 2d 1405; Harris v. United States, 1959, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597; Blockburger v. United States, 1932, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306.

The Gore case, supra, distinguishes for us Bell v. United States, 1955, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (relied on by appellant) which deals with the Mann Act; and Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, dealing "with a unique statute of limited purpose," 352 U.S. at page 325, 77 S.Ct. at page 405, to wit the Federal Bank Robbery Act, 18 U.S.C. § 2113. While it is true the Blockburger, Gore and Harris cases, supra, deal with narcotic laws, where public policy looms large, the Supreme Court has not limited the generality of its language to narcotic cases alone. This is proven by the Bell and Prince cases, supra.

The judgment is affirmed.

1. See Carter v. McClaughrey, 1901, 183 U.S. 365, 394–395, 22 S.Ct. 181, 46 L. Ed. 236, and the implied criticism of such a test in the dissent of Douglas, J. in Gore v. United States, supra, 357 U.S. at page 396, 78 S.Ct. at page 1286.