**Henry Clay ETHINGTON, Jr.,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 17214.**

United States Court of Appeals
Sixth Circuit.

June 21, 1967.

Henry Clay Ethington, Jr., in pro. per.

Ernest W. Rivers, U. S. Atty., William Bryan Martin, Asst. U. S. Atty., Louisville, Ky., for appellee.

Before O'SULLIVAN, EDWARDS and McCREE, Circuit Judges.

PER CURIAM.

Appellant in this case submitted a 69-page handwritten motion to a United States District Judge in the Western District of Kentucky attacking his 1964 conviction on two counts of bank robbery. The District Judge treated the motion as a petition under 28 U.S.C. § 2255 (1964) and wrote a lengthy and careful opinion, based on the record in the case. The opinion held that the sen-

---

tence under the first of the two bank robbery counts (18 U.S.C. § 2113(a)) should have been regarded as merged with the second (18 U.S.C. § 2113(d)), Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); United States v. Machibroda, 338 F.2d 947 (C.A. 6, 1964). The District Judge thereupon vacated the sentence under the first count.

He also reviewed and rejected appellant's claims of deprivation of counsel, illegal search, suppression of evidence, and inadequacy of identification.

On appeal to this court we affirm the District Judge's order of January 31, 1966, for the reasons set forth in his opinion and those which follow.

■ In view of the *in pro per* nature of this appeal, this court has read the complete transcript of this trial. We are convinced that appellant's constitutional right to counsel was not abused and that in fact he received competent and effective legal representation.

The masked bandit who robbed the First National Lincoln Bank of Louisville escaped with $8,906.10. Included in that sum was $2,000 of "bait money" as to which the bank retained a record of serial numbers.

The proofs showed that when appellant was arrested, he had in his possession $158, including one $20 bill with a serial number which matched the bank list; that on the afternoon of the same day the bank robbery occurred, appellant bought a secondhand Cadillac automobile, paying over $1,900 in cash therefor, among which bills were found 65 $20 bills whose serial numbers were on the bank list, and that the approximate balance of the stolen money (including "bait money") was found under the mattress of appellant's bed in his father's house.

Over and above these facts, there was much other confirming evidence of appellant's guilt.

■ As to the search and seizure issue, the government proved permission for the search of the house by its owner, who was appellant's father. No contrary or additional facts were tendered by appellant. No motion to suppress evidence was made. No objection to the evidence was offered. Further, the evidence now objected to was clearly cumulative. On this record we doubt that its admission was such clear, prejudicial, and constitutional error as can be reached by motion for relief under 28 U.S.C. § 2255 (1964). And if we assume error, we find beyond reasonable doubt that the error was harmless. Chapman v. State of California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Rule 52(a) Fed. R.Crim.P.

Affirmed.