**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Melvin Edward SCHAAR, Defendant-Appellant.**

**No. 18606.**

United States Court of Appeals, Seventh Circuit.

Feb. 3, 1971.

P. Charles Jones, Madison, Wis., for defendant-appellant.

John O. Olson, U. S. Atty., Madison, Wis., for plaintiff-appellee.

Before CASTLE, Senior Circuit Judge, and KILEY and PELL, Circuit Judges.

CASTLE, Senior Circuit Judge.

The defendant-appellant, Melvin Edward Schaar, was convicted in the District Court on an information charging him with a violation of 18 U.S.C.A. § 2113(a).[1] His trial was before the court without a jury, both trial by jury and indictment having been waived. He was sentenced to eighteen months imprisonment.

The testimony adduced at the trial, which included that of defendant's accomplices, may be summarized as follows.

On June 22, 1968 four people, including the defendant, left Freeport, Illinois, for Wisconsin in an automobile with the intent to break into the Rivers Edge Tavern near Muscoda, Wisconsin. They arrived at the tavern about 11:00 or 11:30 p. m. and after looking the place over discovered that there were living quarters in the rear of the tavern. They decided not to attempt to burglarize the tavern but drove on to Blue River, Wisconsin, for the purpose of burglarizing a feed mill one of them knew to be located there. On arrival at Blue River early in the morning of June 23rd the defendant and one of his accomplices broke into the feed mill. They found no money. They then crossed the street toward four buildings, one of which was a tavern. The defendant and his cohort went between two of the buildings. They saw a coal chute which led into one of the buildings, which they assumed was the tavern. They entered the building through the coal chute. After entry they discovered that they were in a bank. Following some initial hesitation and conversation about leaving, the de-

---

1. Insofar as here pertinent, § 2113(a) provides: "Whoever enters or attempts to enter any bank, * * * or any building used in whole or in part as a bank, * * *, with intent to commit in such bank, * * *, or building, or part thereof, so used, any felony affecting such bank * * * and in violation of any statute of the United States, or any larceny—

  Shall be fined not more than $5000 or imprisoned not more than twenty years, or both."

fendant's companion found a small open vault containing coins. He filled four bank bags with coins and he and the defendant each carried two of the bags out of the bank. They then rejoined their companions, and upon their return to Illinois the content of the bags, $2,800, was divided, the defendant receiving one-third as his share. The bank from which the money was taken was the Blue River station of the Boscobel State Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation.

The District Court filed a memorandum opinion containing its findings of fact, one of which was that at the time of the entry the defendant did not know that he was entering a bank.

The defendant contends that inasmuch as he had no intent to enter a bank, but rather to break into and steal from a tavern, the evidence does not establish a violation of § 2113(a).

Thus, the sole issue presented by the defendant's appeal is whether a necessary element of the offense charged is that the defendant knew prior to his entry into the building he intended to burglarize that it was a bank.

The gravamen of the offense here charged (an unlawful entry proscribed by § 2113(a)) is not the act of entering. Rather the heart of the crime is the intent to steal. Prince v. United States, 352 U.S. 322, 328, 77 S.Ct. 403, 1 L.Ed. 2d 370. This being so, Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288, which is relied upon by defendant in support of his contention, is relevant only to the extent that

*Morissette* constitutes authority for the proposition that criminal intent is an essential element of an offense such as that here charged. And in the instant case such criminal intent is amply demonstrated by the unlawful entry of the building with the intent to steal therefrom. Prior knowledge that the building was a bank is not a *sine qua non* to a conviction under the provision of the statute here involved. No more so than prior actual knowledge of the bank's insured status.[2]

Likewise, we find that the defendant's reliance on Mitchell v. United States, 129 U.S.App.D.C. 292, 394 F.2d 767, is misplaced. In *Mitchell* it was held that knowledge of government ownership is a necessary element of the offense of "stealing" property belonging to the District of Columbia established by § 22–2206 of the District of Columbia Code. The conviction of the appellants was reversed and the cause remanded for a new trial because the trial court had failed to adequately instruct the jury on that element of the offense. But here there is no question but that the defendant was aware that the coins in the bank vault belonged to the bank. We do not regard *Mitchell* as being susceptible to an interpretation that its rationale requires that prior knowledge that the building entered is a bank is an element prerequisite to the commission of the offense proscribed by § 2113(a). But if *Mitchell* dictates such result we decline to follow it.

Accordingly, the judgment appealed from is affirmed.

Affirmed.

2. See Lubin v. United States, 9 Cir., 313 F.2d 419, 422, where it was observed that:
"It would be no defense to a charge of robbing an insured state bank that the robbers thought it was not insured, and had selected it for that reason, hoping to avoid entanglement with federal law."