**Glenn DE LA MOTTE, Appellant,**

v.

**UNITED STATES of America.**

**No. 71–1624.**

United States Court of Appeals, Third Circuit.

Submitted May 26, 1972.

Decided June 6, 1972.

discretion, *e. g.*, possible rehabilitation, demeanor and attitude of defendant at trial, cooperation with the prosecution, etc.

The judgment of the district court will be affirmed.

Glenn De la Motte, pro se.

Jerome L. Morin, Asst. U. S. Atty., Newark, N. J., for appellee.

Before STALEY, ALDISERT and HUNTER, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

Appellant asserts, under 28 U.S.C. § 2255, that he was denied due process of law because he received a greater sentence for bank robbery, 18 U.S.C. § 2113(a) and (d), than his co-defendant. Co-defendant Curtis pleaded guilty and testified for the government at appellant's trial. Curtis was sentenced to four years imprisonment. Following appellant's conviction at a jury trial, he was sentenced to eight years imprisonment.

We find appellant's contentions clearly without merit.[1] Judges are vested with wide discretion in sentencing. Williams v. Illinois, 399 U.S. 235, 243, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). In this case, the difference in the sentences might be attributable to any number of factors fairly within the district court's

---

1. Appellant contends that Skinner v. Oklahoma ex rel. Williamson, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942), announces his right to receive a sentence similar to that of his co-defendant. *Skinner*, however, concerned the arbitrary legislative classification of individuals, whereas no such classification appears in the instant case. Appellant further argues that the failure of the judge to delineate reasons for petitioner's sentence causes a "chilling effect" on a defendant's exercise of his constitutional rights. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). There is no evidence, however, to support the argument that appellant was given a lengthier sentence because he chose to assert his guaranteed rights. Indeed, when the

First Circuit was faced with this precise contention, it noted that "[i]t is too frivolous to merit discussion." Green v. United States, 334 F.2d 733, 736 (1st Cir. 1964). Appellant's reference in a supplemental letter filed with this court to Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), and Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959) is misplaced. *Prince* held that the crime of entry into a bank with intent to rob was not intended by Congress to be a separate offense from the consummated robbery, whereas *Heflin* held only that subsection (c) of § 2113 was intended "only to provide punishment for those who receive the loot" from the actual bank robbers.