**The UNITED STATES of America, Appellee,**

v.

**Robert Edwin JOHNSON, Appellant. No. 72-1238.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Sept. 19, 1972.

Certiorari Denied Jan. 8, 1973. See 93 S.Ct. 923.

James R. McClure, St. Paul, Minn., on brief for appellant.

Robert E. Johnson, pro se.

Robert G. Renner, U. S. Atty., and J. Earl Cudd, Asst. U. S. Atty., Minneapolis, Minn., on brief for appellee.

Before VOGEL, VAN OOSTERHOUT and ROSS, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying Johnson's motion to withdraw his plea of guilty under Rule 32(d), Federal Rules of Criminal Procedure, and from the denial of his alternate motion to vacate the sentence pursuant to 28 U.S.C. § 2255. As grounds for the motions, Johnson claims ineffective assistance of counsel, invalidity of his sentence, and an illegal arrest. As did the district court upon an evidentiary hearing, we find these arguments to be without merit, and accordingly, we affirm the denial of the motion.

Johnson was originally charged, together with a codefendant, in a three-count information alleging violation of 18 U.S.C. §§ 2113(a) and (d), armed bank robbery, which carries a maximum prison sentence of twenty-five years, and two counts of 18 U.S.C. § 2113(c), the possession section, which carries a maximum of ten years. The codefendant was tried, convicted, and sentenced to fifteen years. Johnson's counsel, however, negotiated the substitution of an information charging violation of 18 U.S.C. § 371, the conspiracy statute, and one count of 18 U.S.C. § 2113(c), which together carry a maximum total imprisonment of fifteen years. Upon a guilty plea to these counts, Johnson was sentenced to the maximum five and ten years, to run consecutively.

■ It is urged by Johnson that because he could not have been sentenced for violation of §§ 2113(a) and (d) as well as § 2113(c), Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), it follows that he could not have been convicted and sentenced for both conspiracy to commit bank robbery and possession of money stolen from the bank. Without elaborating on Johnson's reasoning, suffice it to say that it ignores the principle that "the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." Pinkerton v. United States, 328 U.S. 640, 643, 66 S.Ct. 1180, 1182, 91 L.Ed. 697 (1946). Consequently, the conviction and sentencing on both counts was valid. See United States v. Cheers, 439 F.2d 1097, 1098 (5th Cir. 1971).

■ The *Prince* and *Heflin* decisions are likewise raised in an attempt to prove ineffective assistance of counsel. Johnson claims that he was not informed that he could not have been convicted and sentenced for both robbery and possession. He therefore urges that his counsel was incompetent and that his guilty plea was not intelligently made. It is true that §§ 2113(a) and (d), carrying a maximum prison term of twenty-five

years, and § 2113(c), carrying a maximum of ten years, cumulatively would provide for a maximum of thirty-five years; however, it is not refuted that Johnson was advised that the maximum sentence he could receive under the original information was twenty-five years. This advice was accurate, Johnson was therefore not misled, and in terms of the total possible sentence, the negotiated plea was favorable.

■ Johnson asserts further that his counsel was incompetent for failing to interview two witnesses who provided incriminating statements to FBI agents. His counsel, a former assistant United States attorney with considerable experience in criminal cases, testified at the evidentiary hearing that he was aware that the FBI had interviewed the two witnesses but made no independent investigation because Johnson had admitted to him his involvement with these witnesses. Moreover, Johnson does not claim that these witnesses' statements were false, only that they were elicited under duress. It is clear that if Johnson had stood trial he would have had no standing to suppress the statements. *Cf.*, Wong Sun v. United States, 371 U.S. 471, 492, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); DeRosier v. United States, 407 F.2d 959, 962 (8th Cir. 1969). Rather, as he admitted at the evidentiary hearing, his counsel properly advised him that if they went to trial, he would be able to cross-examine the witnesses on whether there had been any threats or promises made. We therefore do not find counsel's failure to interview the witnesses to have deprived Johnson of effective assistance of counsel.

■ Finally, Johnson attacks the validity of his arrest. However, not only did he fail to assert this claim in either of his motions, but he failed to present a sufficient evidential basis that his arrest was without probable cause or that if it was, he was prejudiced thereby. See Green v. United States, 460 F.2d 317, 318 (5th Cir. 1972); Barnett v. United States, 439 F.2d 801, 803 (6th Cir. 1971); Runge v. United States, 427 F.2d

122, 127 (10th Cir. 1970); Cox v. United States, 351 F.2d 280, 281 (8th Cir. 1965). We find this claim to likewise be without merit.

The district court's denial of Johnson's motions to withdraw the guilty plea and vacate his sentence is therefore affirmed.