**James Howard SPEARS, Movant,**

v.

**UNITED STATES of America,
Respondent.**

**No. CIV-2-74-24.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 14, 1974.

------

James Howard Spears, pro se.

John L. Bowers, Jr., U. S. Atty., by W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

The movant Mr. James Howard Spears is in custody under sentences of this Court in United States of America, plaintiff, v. James Howard Spears, defendant criminal action no. 6986, this district and division. In a *pro se* motion, he claims that the sentences were in excess of the maximum authorized by law. 28 U.S.C. sec. 2255. There is merit to such claim.

In the aforenumbered criminal action, Mr. Spears was convicted under count one of the indictment of bank robbery under the provisions of 18 U.S.C. sec. 2113(a) and under count two thereof of bank robbery effected by the use of a dangerous weapon under the provisions of 18 U.S.C. sec. 2113(d). He was sentenced to a term of 20 years under each count, such terms to run concurrently, and fined the sum of $1,000 on each count. In so far as count one thereof is concerned, such sentence was illegal. United States v. Machibroda, C.A. 6th (1964), 338 F.2d 947, 949(1), citing Prince v. United States[1] (1957) 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370.

The Court has contemporaneously herewith entered an order vacating the movant's sentence under count one of the indictment in the aforenumbered criminal action. His motion herein is rendered moot by such action and, for such reason, hereby is denied. *Cf.* Matlock v. United States, D.C.Tenn. (1970), 309 F.Supp. 398, 402; see also United States v. Fried, C.A. 6th (1971), 436 F.2d 784, 787(5); *contra:* United States v. Corson, C.A. 3d, 449 F.2d 544, 551(4).

---

1. In *Prince, supra,* it was held that a count charging the entering of a bank with the intent to steal was included in and was merged into another count charging the robbing of a bank by force and could not be the subject of a separate sentence. 352 U.S. at 328, 77 S.Ct. 403.