UNITED STATES of America, Appellee,

v.

Matthew MADONNA,
Defendant-Appellant.

No. 1106, Docket 78–1131.

United States Court of Appeals,
Second Circuit.

Argued July 17, 1978.

Decided Sept. 1, 1978.

Gustave H. Newman, New York City, for defendant-appellant.

John P. Flannery II, Asst. U. S. Atty., S. D. New York, New York City (Robert B. Fiske, Jr., U. S. Atty., Richard D. Weinberg, Asst. U. S. Atty., S. D. New York, New York City, of counsel), for the United States of America.

Before MESKILL, Circuit Judge, and DUMBAULD * and PORT,** District Judges.

PER CURIAM:

This is an appeal from an order entered in the United States District Court for the Southern District of New York, Robert L. Carter, *Judge,* denying appellant Matthew Madonna's Rule 35 motion to vacate or reduce a 30-year sentence imposed for violation of federal narcotics laws.

Appellant was indicted and convicted on two counts. Count One was for conspiracy to distribute, to possess with intent to distribute, and to import heroin, 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 952(a). Count Two was for distribution of heroin and possession with intent to distribute, 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A). He was sentenced to 15 years in prison on each count, to be served consecutively, and fined $25,000 on each count.

Appellant claims that Congress did not intend to allow for consecutive sentences on each conviction "when both crimes stem from the same single act." Appellant's Reply Brief at 2. We note at the outset that appellant was charged and convicted on a conspiracy count which included an element different from anything contained in the substantive count, namely, conspiring to *import* heroin. 21 U.S.C. § 952(a). This element alone, entirely apart from the other conspiracy elements of Count One and from the substantive charges in Count Two, is punishable by

* Hon. Edward Dumbauld, Senior District Judge of the Western District of Pennsylvania, sitting by designation.

** Hon. Edmund Port, Senior District Judge of the Northern District of New York, sitting by designation.

imprisonment of up to 15 years and a fine of up to $25,000 or both. 21 U.S.C. §§ 963, 960(b). Even if the conspiracy count and the substantive count were precisely the same, however, appellant's argument is without merit.

Appellant does not dispute the lawfulness of his multi-count conviction. Instead, he argues that 21 U.S.C. §§ 846 and 963 are ambiguous regarding punishment and that such ambiguity should be resolved in his favor. *See Simpson v. United States,* 435 U.S. 6, 14–15, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); *Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). In effect, appellant would have us treat the sentencing here as if it were for armed bank robbery, for which multiple sentences, either concurrent or consecutive, may not be imposed. 18 U.S.C. §§ 2113(a) and (d). *See United States v. Mariani,* 539 F.2d 915, 917 (2d Cir. 1976). This we decline to do. Armed bank robbery is a variation of bank robbery, and the less serious offense merges with the more serious offense. However, a conspiracy is by its very nature quite different from a substantive violation. *See Iannelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975). An attempt merges into the completed crime; a conspiracy does not merge with its object. An attempt requires but one person for the offense; a conspiracy requires at least two. A conspiracy also requires an agreement; an attempt does not. Under the narcotics laws, the crime of conspiracy and the crime of substantively violating the statute are so clearly different that separate convictions are allowed. *See United States v. Bommarito,* 524 F.2d 140 (2d Cir. 1975).

Appellant argues that because the crime of attempt and the crime of conspiracy appear together in sections 846 and 963 (attempt and conspiracy treated the same for punishment purposes), and because an attempt merges with the substantive offense, conspiracy should also merge with the substantive offense, at least for purposes of sentencing. He theorizes that Congress did not intend separate and consecutive sentences for conspiracy to distribute or to possess with intent to distribute and actual distribution or possession with intent to distribute. We do not agree. In *Callanan v. United States,* 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961), the Supreme Court noted that criminal conspiracies are dangerous to society in ways quite distinct from the dangers of the substantive offenses and that the difference between a conspiracy and a substantive offense is " 'a distinction whose practical importance in the criminal law is not easily overestimated.' " *Id.* at 593–94, 81 S.Ct. at 325. The Court also explained that federal courts are to attribute " 'to Congress a tacit purpose—in the absence of any inconsistent expression—to maintain a long-established distinction between offenses essentially different.' " *Id.* at 594, 81 S.Ct. at 325. *See also Iannelli v. United States, supra,* 420 U.S. at 779, 95 S.Ct. 1284. In the absence of persuasive evidence, we simply cannot accept appellant's argument that Congress intended in 1970 to overrule the distinction between a conspiracy and a substantive violation for purposes of sentencing. *See United States v. Accardi,* 342 F.2d 697, 701 (2d Cir.), *cert. denied,* 382 U.S. 954, 86 S.Ct. 426, 15 L.Ed.2d 359 (1965).

■ Appellant's final argument is that the sentence was imposed in an illegal manner in that the district judge relied on inaccurate information or considerations not based on the record. The record clearly refutes this claim. The sentence was within the statutory maximum. It was severe, but, in the opinion of the district judge, so was the offense. We agree.

Affirmed.