Karl DUVAL, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. CV 81 0454.

United States District Court,
E.D. New York.

Nov. 17, 1981.

Karl Duval, pro se.

Asst. U.S. Atty. Thomas D. Sclafani, Brooklyn, N.Y., for respondent.

DECISION AND ORDER

BRAMWELL, District Judge.

Petitioner Karl Duval, by a petition dated February 11, 1981, has moved pursuant to 28 U.S.C. § 2255 (1976) for an order vacating his convictions for armed and unarmed bank robbery.

Petitioner was convicted, after a trial by jury, of two counts of bank robbery in violation of 18 U.S.C. § 2113(a) (1976), two counts of armed bank robbery in violation of 18 U.S.C. § 2113(d) (1976), and one count of conspiracy in violation of 18 U.S.C. § 371 (1976).[1] On July 13, 1979, he was sentenced to a concurrent twenty-five year term of imprisonment for each of the two robberies. He was sentenced to a consecutive five year probation term on the conspiracy charge.

After dismissal of petitioner's appeal by the United States Court of Appeals for the Second Circuit on November 26, 1979, petitioner moved this Court for the § 2255 relief.

---

1. Petitioner was charged with participation in an armed bank robbery of a Citibank Branch located at 157–14 Cross Bay Boulevard, Queens, New York on or about November 23, 1977 along with an armed robbery of a Chase Manhattan Bank Branch located at 3126 Avenue U in Brooklyn, New York on or about April 17, 1978.

In support of the motion, petitioner contends the certain omissions from the court's charged constituted error. More specifically, petitioner asserts that this Court failed to properly instruct the jury that the defendant could be found innocent, that armed bank robbery constitutes a crime a greater severity than unarmed bank robbery, and that defendant could be convicted of unarmed robbery should the jury acquit on the armed charge. Moreover, petitioner contends that the sentence imposed was illegal. None of these contentions has merit. I turn first to petitioner's objections with respect to the Court's charge.

## THE COURT'S CHARGE

█ Rule 30 of the Federal Rules of Criminal Procedure provides in pertinent part that:

No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.

On May 30 this Court held a charging conference at which all parties were given ample opportunity to present their requests to charge. At that time, all of petitioner's requests were granted (Tr. 494). In addition, he was given two opportunities to object to the charge but failed to do so (Tr. 515, 521). The record also reveals however, that neither the petitioner nor the Government requested specific charges of the type contended for by petitioner. On May 31, this Court charged the jury with neither side voicing any objection (Tr. 719).

In view of this, any objections petitioner has to the charge were waived and this Court is therefore unable to consider them in this collateral proceeding. *See Quinn v. United States,* 499 F.2d 794 (8th Cir.1974).

## PETITIONER'S SENTENCE

With respect to petitioner's contention that he was illegally sentenced, this Court finds that the sentence imposed was well within both the constitutional and statutory parameters of 18 U.S.C. § 2113(d) (1976).[2]

Section 2255 provides a means for a prisoner in custody under a sentence of a Federal Court to challenge his incarceration upon the ground that

the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack ...

█ The record reveals that on July 13, 1979, petitioner was sentenced on Counts Three and Four to a general concurrent term of imprisonment of twenty-five (25) years. On Counts Five and Six he was also sentenced to a general term of imprisonment of twenty-five (25) years. The sentences were imposed to run concurrently. Since the more serious offense of armed bank robbery under 18 U.S.C. § 2113(d) carries a sentence of either a $10,000 fine or a maximum of twenty-five year term of imprisonment or both, any contention by the petitioner that he was illegally sentenced under this statute is purely frivolous. His convictions for unarmed robbery under 18 U.S.C. § 2113(a), which carries a maximum term of imprisonment of twenty (20) years, were, for purposes of sentencing, merged with petitioner in effect being sentenced for two armed robberies under 18 U.S.C. § 2113(d). The very fact of his *convictions,* as opposed to the *sentences* for unarmed bank robbery however, stand on quite a different footing. The Court finds that these convictions must be vacated.

In *Grimes v. United States,* 607 F.2d 6 (2d Cir.1979) the Second Circuit had the opportunity to ascertain the proper interrelationship between 18 U.S.C. § 2113(a) and 18 U.S.C. § 2113(d). After its initial determination that Mr. Grimes' request for relief was cognizable within the parameters of a § 2255 action, the Second Circuit proceeded

---

**2.** 18 U.S.C. § 2112(d) provides: "Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

to assess the merits of the petition. 607 F.2d at 13. Like Mr. Duval, Mr. Grimes was found guilty of violating both §§ 2113(a) and 2113(d), and the court entered separate judgments of conviction on each count. The Court noted that the trial court's actions were "entirely understandable ... in light of the fact that [the Second Circuit] has on a number of occasions assumed this action to be proper as long as 'a single general sentence' is imposed rather than consecutive or concurrent sentences." 607 F.2d at 12. Prompted by recent Supreme Court decisions, however, the Second Circuit concluded that this statutory interpretation was erroneous. The court found that § 2113(d), armed bank robbery, by its very definition, already included the offense of bank robbery. Section 2113(d) reads as follows:

> whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon, or device, shall be fined ... or imprisoned ...

Thus, as the court commented, "[s]imply put, in order to violate § (d), one must have already violated either § (a) or § (b)." *Id.* at 13. The court also noted that the legislative history of the statute, while "inconclusive", *Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1947), nonetheless supported such an interpretation, as did recent decisions in other courts. *See O'Clair v. United States,* 470 F.2d 1199, 1202 (1st Cir.1972), *cert. denied,* 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973). *See generally Jeffers v. United States,* 432 U.S. 137, 155 n. 25, 97 S.Ct. 2207, 2218 n. 25, 53 L.Ed.2d 168 (1977). *United States v. Gaddis,* 424 U.S. 544, 547, 96 S.Ct. 1023, 1025, 47 L.Ed.2d 222 (1976). The court also noted the number of cases in the Second Circuit that supported the proposition that the two judgments of conviction "merge" at sentencing. *See United States v. Danzey,* 594 F.2d 905, 908 (2d Cir.1979) ("conviction on the bank robbery count was merged into the armed bank robbery count at sentencing"); *United States v. Maddona,* 582 F.2d 704, 705 (2d Cir.1978), *cert. denied,* 439 U.S. 1069, 99 S.Ct. 838, 59 L.Ed.2d 34 (1979) ("[a]rmed bank robbery is a variation of bank robbery, and the less serious offense merges with the more serious offense."); *United States v. Smith,* 574 F.2d 707, 709 (2d Cir.), *cert. denied,* 439 U.S. 986, 99 S.Ct. 581, 58 L.Ed.2d 659 (1978) bank robbery is a "lesser included offense").

With *Grimes* as background, this Court may assess Mr. Duval's contentions as to both the jury charge and the sentence. It is apparent that, at the time this Court charged the jury, the law in this Circuit treated § 2113(a) and § 2113(d) as separate offenses warranting an individual charge on each. This Court's jury charge, therefore, was proper. It is equally true, however, that Mr. Duval's separate judgments of conviction for § 2113(a) and § 2113(d) may not stand in light of the *Grimes* decision. Accordingly, Mr. Duval's convictions under § 2113(a) are deemed merged into the convictions under § 2113(d), and the separate judgments of conviction entered under § 2113(a) are hereby VACATED.

This decision, however, does not in any way alter or modify petitioner's sentence. This Court sentenced Mr. Duval to one general term for Counts Three and Four and another general term for Counts Five and Six, to be served concurrently. The Second Circuit in *Grimes* did not disturb the general sentence although it vacated the second judgment of conviction, noting that only one sentence was imposed for both convictions. 607 F.2d at 16. The situation at hand is identical, and therefore no sentence modification is appropriate.

Accordingly, the judgments of conviction entered on Counts Three and Five are hereby VACATED, with the sentence imposed to remain unchanged. The petition, therefore, is GRANTED in part and DISMISSED in part.

It is

SO ORDERED.