**Mary Kathryn HAMPTON**

v.

**J. Wayne ALLGOOD, Warden.**

Misc. No. 879.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

June 2, 1966.

Salvador Anzelmo, New Orleans, La., F. Lee Bailey, Boston, Mass., for petitioner.

Teddy W. Airhart, Jr., Asst. Atty. Gen., State of Louisiana, Baton Rouge, La., Knowles Tucker, Dist. Atty., Iberia Parish, New Iberia, La., Melvin Barre, Dist. Atty., St. Charles Parish, Hahnville, La., for respondent.

WEST, District Judge:

Petitioner, Mary Kathryn Hampton, seeks a writ of habeas corpus releasing her from the Louisiana State Penitentiary at St. Gabriel, Louisiana, where she is presently serving two concurrent life sentences for murder. She contends that although her sentences were imposed after guilty pleas were entered by her, nevertheless her constitutional rights have been violated because of the fact that the guilty pleas were entered, despite her innocence, because of ignorance and fear, and not because of guilt, and that thus the guilty pleas were not freely and voluntarily entered. She now alleges that she can produce positive proof that she is not guilty of the crimes with which she is charged, and that thus she should be released from her present confinement and at least be afforded an opportunity to present proof of her innocence.

On March 10, 1961, she was indicted by a St. Mary Parish grand jury for the murder of one Hermine Fiedler, and on April 3, 1961, she was indicted by a St. Charles Parish grand jury for the murder of one Benjamin Yount. On March 30, 1961, upon arraignment, she entered a plea of not guilty to the charge in St. Mary Parish, but on April 18, 1961, she again appeared before the court in St. Mary Parish, accompanied by her court-appointed counsel, and withdrew her plea of not guilty and entered a plea of guilty without capital punishment. Upon waiving delays for sentencing, she was, on the same day, sentenced to life imprisonment.

On April 11, 1961, petitioner accompanied by her court-appointed counsel, appeared before the court in St. Charles Parish and entered a plea of guilty. On April 17, 1961, she was sentenced to life imprisonment. Immediately after sentencing, petitioner began serving these two concurrent life sentences, and no further action on her behalf was taken until January 12, 1965. On that date, some three years and nine months after her incarceration, petitioner, through her counsel, filed a Motion to Withdraw her Plea of Guilty in the St. Charles Parish case, and for a new trial. Apparently, according to the record, no such action has ever been taken in the St. Mary Parish case. At any rate, after hearing petitioner's motion, the St. Charles Parish Court, on February 1, 1965, denied the Motion to Withdraw the Plea of Guilty and for a new trial on the ground that, under Louisiana law, the motion came too late. The written reasons for the denial are contained in this record. The Louisiana Supreme Court denied writs on March 29, 1965. No application for the issuance of a writ of habeas corpus in either case has been filed by petitioner in any court of the State of Louisiana.

■,■ It is petitioner's contention that even though there may be several courses open to a habeas petitioner, the exhaustion of but one of several available alternatives is all that is necessary in order to meet the requirements of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9

L.Ed.2d 837 (1963), and 28 U.S.C.A. § 2254. This may be true if the one course pursued has been sufficient to present to the state courts the merits of the constitutional questions involved. But it is certainly not true if the course selected by the petitioner was one that precluded the state court from considering the constitutional questions involved when another course is still available whereby the merits of the controversy can still be presented to the state courts for their determination. Fay v. Noia, supra, relied upon by the petitioner herein, does not stand for the principle that where a habeas petitioner has pursued, in the state courts, only one of several available post-conviction remedies, that he has necessarily exhausted state court remedies so as to enable him to have access to the federal courts on a petition for habeas corpus. As was so aptly stated by petitioner's counsel herein, F. Lee Bailey, Esq., in his article appearing in Volume 45 of the Boston University Law Review, p. 182 (1965):

" * * * For although it is not necessary to attempt all of the post-conviction remedies which the state has to offer, a petitioner must utilize that remedy (if it exists) which will enable the state to entertain his claims on the merits, and if he fails to obtain an adjudication because of an incorrect choice, he will not have complied with Section 2254 sufficiently to bring his case into federal court."

See, also, United States ex rel. Connelly v. Cormier, 279 F.2d 37 (CA 5, 1960).

In the instant case, petitioner chose to seek a new trial by way of a motion to withdraw her plea of guilty. The state court decided that under the law of Louisiana this motion came too late, and that hence the court was prohibited from hearing the matter on its merits. But under Louisiana law, district judges and justices of the Louisiana Supreme Court are authorized to issue writs of habeas corpus in proper cases. LSA–R.S. 15:114. A petitioner in a state habeas corpus proceeding is given an opportunity to prove any fact showing that either his imprisonment or detention is unlawful or that he is entitled to be discharged. LSA–R.S. 15:135. And under LSA–R.S. 15:137, the state court may restore liberty to a petitioner if:

"(2) * * * the original imprisonment was lawful, but by some act, omission or event which has since occurred, the relator has become entitled to his liberty; * * *

"(7) * * * the relator has been committed on a criminal charge without reasonable or probable cause."

And finally, pursuant to LSA–R.S. 15:139, the judge "shall immediately set the prisoner at liberty" if it appears to him that there is no sufficient legal cause for the confinement or if he thinks that such confinement cannot legally continue.

Thus it is apparent that there is still available to petitioner a means of presenting her complaints to the courts of the State of Louisiana by way of applying for a writ of habeas corpus. Since the questions here involved have never been considered by the state courts because of their inability to do so under the motion previously filed by petitioner, and since there is still available a means of seeking this remedy in the state courts, this Court is, at the present time, without jurisdiction to hear this matter. This Court must assume that petitioner's constitutional rights will be preserved by the state courts if they are given the opportunity to do so. As far as this Court is concerned, there is nothing in Louisiana law which would prevent the Louisiana courts from giving the same relief to the petitioner that this Court could give, i. e., either a new trial or a release from confinement if, upon proper showing at a habeas corpus hearing, such relief was indicated.

For the reasons herein set forth, petitioner's application for the issuance of a writ of habeas corpus must, at this time, be denied. An order will be entered accordingly.