Jerry McGEE, Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. 90 Civ. 1701 (WCC), S 83
Crim. 446 (HFW).

United States District Court,
S.D. New York.

May 30, 1990.

Jerry McGee, pro se.

Otto G. Obermaier, U.S. Atty., S.D.N.Y.,
New York City, for the U.S.; Nancy North-
up, Asst. U.S. Atty., of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Petitioner Jerry McGee moves *pro se* pursuant to 28 U.S.C. § 2255 to vacate his guilty plea with respect to Count One of the superceding indictment because it was accepted without factual basis therefor or to resentence him to concurrent terms of imprisonment because the imposition of consecutive sentences imposed on Counts One and Two was illegal. McGee further seeks an evidentiary hearing on these claims. For the following reasons, petitioner's motion is denied.

## BACKGROUND

McGee was sentenced on October 25, 1983, after pleading guilty on September 7, 1983 to Counts One and Two of the superseding indictment, filed August 30, 1983, in *United States v. McGee*, 83 Cr. 446. Count One of the superceding indictment charged McGee with conspiracy to distribute and possess with intent to distribute unspecified quantities of heroin and cocaine, in violation of 21 U.S.C. § 846. Count Two of the superceding indictment charged McGee with distributing and possessing with intent to distribute a Schedule I or Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2. The late Honorable Henry F. Werker sentenced McGee to a ten-year term of imprisonment on each count, to be served consecutively. McGee is currently serving his sentence.

## FACTUAL BASIS FOR PLEA

McGee contends that the factual basis for the district court's acceptance of his guilty plea to Count One—the conspiracy count—was insufficient under Fed.R. Crim.P. 11(f), which requires that the court "should not enter [a guilty] plea without making such inquiry as shall satisfy it that there is a factual basis for such plea." After examination of the entire September 7, 1983 transcript to the plea, this Court finds that the district court was sufficiently apprised of the plea's factual basis to satisfy the requirement of Rule 11(f).

At the plea hearing, Judge Werker explained the charges of Count One to McGee, tracking the language of the superceding indictment:

Q. Count 1 of this indictment which accuses you from on or about the first day of January 1979 and continuously thereafter, up to—what is it? August 31, 1983—that you, together with Claudine Jones, Leroy Vance, Matthew Anderson, Tanita Greene, Charles Turner, Rodney Buff, Jerald Price and others, to the grand jury unknown, you unlawfully, intentionally and knowingly combined, conspired, confederated and agreed together and with each other to violate Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21, United States Code, and it was part of the conspiracy that you and your co-conspirators would unlawfully, intentionally would and did distribute and possess with intent to distribute quantities of heroin, a Schedule I narcotic drug, the exact amounts being unknown to the grand jury, in violation of Sections 812, 841(a)(1), 841(b)(1)(A) of Title 21, United States Code.

The judge continued by reading paragraph three of the overt acts in Count One and asking McGee about his participation in that act and his objective of furthering the conspiracy charged:

Q. On or about April 31, 1983, defendant Jerry McGee, also known as Geezie, called Claudine J. Jones on the telephone. During the telephone call, Claudine J. Jones told Jerry McGee, also known as Geezie, that "if he doesn't let me have it on consignment, I want you to get it." Did you do that? Did she tell you that?

A. Yes, sir.

Q. That was in furtherance of that conspirach [sic], wasn't it?

A. Yes, sir.

Q. How do you plead to Count 1? Guilty or not guilty?

A. Guilty.

Q. The Court is persuaded there is a factual basis for the plea, that it is rendered voluntarily, with the full knowl-

edge of the consequences, and I accept the plea on the record.

In the Second Circuit, " 'a reading of the indictment to the defendant coupled with his admission of the acts described in it [provides] a sufficient factual basis for a guilty plea, as long as the charge is uncomplicated, the indictment detailed and specific, and the admission unequivocal.' " *Montgomery v. United States*, 853 F.2d 83, 85 (2d Cir.1988) (quoting *Godwin v. United States*, 687 F.2d 585, 590 (2d Cir.1982)). Only when the defendant denies an element of the offense or generally maintains his innocence is it necessary to augument the record to establish a basis for the plea. *Godwin*, 687 F.2d at 590.

■ At the plea hearing in this case, after apprising McGee of his rights, Judge Werker read, almost verbatim,[1] the charge section of Count One which stated that McGee and his co-defendants, during a specified period of time, had "unlawfully, intentionally and knowingly combined, conspired, confederated and agreed together and with each other" to violate substantive provisions of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A) and that as part of the conspiracy McGee and his co-conspirators would and did distribute and possess with intent to distribute quantities of heroin and cocaine. The conspiracy charge clearly and accurately set forth the elements of the crime.

After being read the conspiracy charge, McGee admitted that his conversation with Jones was in furtherance of the conspiracy with which he was charged and which had just been read to him by Judge Werker. McGee contends that there was not a factual basis for his plea on the conspiracy count since Judge Werker only questioned him about an overt act in furtherance of the conspiracy, and not his involvement in the conspiracy itself or his knowledge that he was a member of the conspiracy. This Court finds, however, that McGee's admission concerning his acts in furtherance of the conspiracy, following on the heels of the reading of the conspiracy charges in the superceding indictment, provided a suf-

ficient factual basis for the Court to accept the plea to Count One. Implicit in McGee's responses to the Court was his admission that he agreed with others to distribute and possess with intent to distribute heroin and cocaine.

■ Moreover, even if this Court were to find a technical violation of Rule 11, McGee cannot show that his plea was so defective as to result in "a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.' " *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *Del Vecchio v. United States*, 556 F.2d 106 (2d Cir.1977)). Rule 11(h), Fed.R.Crim.P., further provides that any variance from the procedures required by Rule 11 which do not affect substantial rights shall be disregarded. At no time during the plea did McGee, a doctoral candidate, profess that he did not understand the charges against him nor did he contend that he was not a member of the conspiracy. The record therefore does not support a claim that the acceptance of McGee's guilty plea was unjust or failed to comport with fair procedure.

## CUMULATIVE SENTENCES

■ Judge Werker imposed a ten-year sentence on the narcotics conspiracy count, 21 U.S.C. § 846, in addition to a consecutive ten-year term of imprisonment on the substantive narcotics count, 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). McGee's contention that Judge Werker improperly imposed consecutive sentences on these counts is without merit. It is well established that, under the federal narcotics laws, a court may impose separate consecutive sentences for a conspiracy offense and a substantive offense, even when both charges arise from a single transaction. *See United States v. Madonna*, 582 F.2d 704, 705 (2d Cir.1978), *cert. denied*, 439 U.S. 1069, 99 S.Ct. 838, 59 L.Ed.2d 34 (1979); *United States v. Accardi*, 342 F.2d

---

1. Judge Werker did not read all the overt acts charged in Count One.

697 (2d Cir.), *cert. denied,* 382 U.S. 954, 86 S.Ct. 426, 15 L.Ed.2d 359 (1965). The rationale is that under the federal narcotics laws, the crime of conspiracy and the crime of substantively violating the statute are so clearly different that separate convictions are permissible. *See United States v. Madonna,* 582 F.2d at 705; *United States v. Bommarito,* 524 F.2d 140 (2d Cir.1975). Therefore, the district court committed no error in imposing a separate consecutive sentence on Counts One and Two.

## CONCLUSION

For the foregoing reasons, McGee's motion to vacate his guilty plea and the consecutive sentence imposed is denied. Since McGee's claims raise no controverted issues of fact, an evidentiary hearing is unnecessary.

SO ORDERED.

