## IN RE: SUBPOENAS OF THE LEGISLATURE OF THE VIRGIN ISLANDS TO THE CHAIRMAN AND MEMBERS OF THE COMMISSION ON ETHICS AND CONFLICT OF INTEREST AND ITS INVESTIGATOR/ATTORNEY, IVE A. SWAN, ESQ. AND THE SUBPOENA DUCES TECUM TO THE COMMISSION TO SUBMIT CERTAIN DOCUMENTS

Miscellaneous No. 85-119

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 4, 1985

DEVERITA C. STURDIVANT, ESQ., Legal Counsel, Sixteenth Legislature of the V.I., St. Thomas, V.I., *for Legislature of the Virgin Islands*

PAUL HOFFMAN, ESQ. (HOFFMAN & MOORE, P.C.), St. Thomas, V.I., *for Commission on Ethics and Conflict of Interest*

CHRISTIAN, *Chief Judge*

## OPINION

The Commission on Ethics and Conflict of Interest, its Chairman, members and Investigator/Attorney (herein collectively, the Commission) has moved the Court to quash certain subpoenas of the Committee on Government Operations of the Sixteenth Legislature of the Virgin Islands (hereinafter, the Committee), served upon the said Commission, commanding its appearance before the said Committee ". . . to present testimony pertinent to the discontinuation of the William Blum investigation which was ordered by the Committee on March 6, 1985."

The challenged subpoenas followed on the heels of the Commission's declining to accept the invitation of the Committee ". . . to appear . . . to answer questions pertaining to the handling of the William Blum investigation, and the Ethics Commission's decision to discontinue the investigation."

The question presented is not the authority of the Committee to conduct investigations, issue subpoenas, or compel the attendance of witnesses. That the Committee is so empowered is a matter too well settled and accepted to be the subject of dispute, where legitimate legislative purposes are to be served. See Revised Organic Act of 1954, § 6(g), 48 U.S.C. § 1405j. See generally McGrain v. Daugherty, 273 U.S. 135 (1927). Rather, the issue at hand is whether the Committee may delve into and explore the mental process of the Commission.

This Commission was created by duly enacted legislation, 3 V.I.C. § 1106(a), its avowed purpose being ". . . to assure the people of the Virgin Islands that the higher standards of ethical conduct are

being maintained by those who conduct the public business . . ." 3 V.I.C. § 1106(b). The better to effectuate this purpose the Commission was enjoined to maintain the confidentiality of its records, investigations, inquiries and proceedings. See § 1106(e).

The before the Court protestations of the Committee to the contrary notwithstanding, the letter of invitation and the subpoenas in question leave no doubt whatsoever that what the Committee sought was to probe the mind of the Commission, a wholly impermissible exercise, evincing no legitimate legislative purpose.

■ ■ It is a well established principle that the judiciary "is not authorized 'to probe the mental processes' of an executive or administrative officer." Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena, 40 F.R.D. 318, 325 (D.D.C. 1966), quoting Morgan v. United States, 304 U.S. 1, 18 (1938). "This salutary rule forecloses investigation into the methods by which a decision is reached, the matters considered, the contributing influences, or the role played by the work of others— results demanded by exigencies of the most imperative character." Id. at 325–26 (extensive citations omitted). The rationale undergirding this deliberative process privilege, ably expounded in Zeiss, supra., by District Judge Spottswood W. Robinson, III (now Chief Judge of the Court of Appeals for the District of Columbia Circuit), applies with equal force to legislative inquiry into the deliberative process of executive and administrative bodies. These rules "operate to preserve the integrity of the deliberative process itself." Zeiss, 40 F.R.D. at 326.

■ Because it is readily apparent from examination of the subject subpoenas and the letters of invitation which preceded issuance of the subpoenas that the Committee seeks to inquire into the mental processes by which the members of the Commission reached the collective decision to terminate the Blum investigation, and, as the movant need not respond to any questions directed to the deliberative process that culminated in its decision to terminate the investigation, and, further, since no legitimate legislative purpose requires that the attendance of the Commission be compelled, the motion to quash the subject legislative subpoenas will be granted.

## JUDGMENT ORDER

This matter came on for hearing before the Court, the Honorable Almeric L. Christian, Chief District Judge presiding, and the issues having been heard and considered, and the Court by Opinion of this date having rendered its decision,

**IT IS ORDERED AND ADJUDGED**

That the motion of the Commission on Ethics and Conflict of Interest, its chairman, members and Investigator/Attorney to quash certain subpoenas dated April 9, 1985, issued to the movants by the Committee on Government Operations of the Sixteenth Legislature of the Virgin Islands be, and the same are hereby QUASHED.