**UNITED STATES OF AMERICA, Plaintiff**
**v.**
**JOHN TUTEIN, Defendant**

D.C. Crim. No. 1999-303
District Court of the Virgin Islands
Division of St. Thomas and St. John
February 1, 2000

CURTIS V. GOMEZ, ESQ., *Assistant United States Attorney*, St. Thomas, U.S.V.I., *for Plaintiff*

TRESTON E. MOORE, ESQ., St. Thomas, U.S.V.I., *for Defendant*

Moore, *District Judge*

## MEMORANDUM

At a hearing held on December 16, 1999, the Court reserved decision on several issues presented in defendant John Tutein's motions to dismiss or strike, and requested additional briefs from the parties. On December 29, 1999, the grand jury returned a superceding indictment against the defendant. Today, the Court grants the defendant's motion to dismiss the first count of the superceding indictment, and denies the defendant's other motions.

## FACTUAL SUMMARY

Earlier this year, several witnesses informed the Federal Bureau of Investigation that John Tutein ["Tutein"] had tried to secure Virgin Islands Senator Allison Petrus' ["Petrus"] support for upcoming legislation involving Tutein's employer, Innovative Communication Corp. ["ICC"], in a suspicious manner. One witness recalled that Tutein had pressed Petrus to accept an envelope full of $100 bills in October, 1998, offering to drop the envelope in front of a secret intermediary. (*See* Crim. Compl., July 28, 1999, at 2-3.) Another witness said that Tutein had offered to purchase a van or a mobile television truck for a youth outreach program favored by Petrus in February, 1999. (*See id.* at 4-6.)

On August 25, 1999, a federal grand jury returned a five-count indictment against Tutein, charging him with one count of bribery concerning programs receiving federal funds, 18 U.S.C. § 666(a)(2), two counts of bribing a territorial officer, V.I. Code Ann. tit. 14, § 406, and two counts of inducing a territorial officer to violate the Virgin Islands' Conflicts of Interest law, 3 V.I.C. § 1102(3), 1107. (*See* Indictment at 2-6.) Thereafter, Tutein asked for a bill of particulars and moved to dismiss or strike the indictment's counts for failure to state a crime, duplicity, the risk of multiple punishments, and vagueness or overbreadth. (*See* Def.'s Mots., Oct. 6-14, 1999.) At the Court's behest, the government produced a bill of particulars. (*See* Pl.'s Resp., Nov. 1, 1999.) On December 16, 1999, the Court heard arguments from the parties and then denied Tutein's motions in part, reserving decision on the issues discussed in this Memorandum. Less than two weeks later, the grand jury returned a superceding indictment that modified the original

411

indictment by adding the word "bribe" to count three. (*See* S.I. at 4.)

## DISCUSSION

### 1. Is the Federal Bribery Charge Duplicitous?

■ Tutein asserts that count one improperly charges two offenses because it joins the alleged October, 1998, and February, 1999, offers in a single count of bribery concerning programs receiving federal funds. Generally, the government must charge separate offenses in separate counts of an indictment. *See* FED. R. CRIM. P. 8(a).[1] "Duplicity" is the improper joinder of two or more separate offenses in a single count. *See United States v. Gomberg*, 715 F.2d 843, 845 (3d Cir. 1983), overruled on other grounds, *Garrett v. United States*, 471 U.S. 773, 85 L. Ed. 2d 764, 105 S. Ct. 2407 (1985). A duplicitous indictment raises four concerns. It may: (1) not give the defendant sufficient notice of the nature of the offenses charged; (2) subject the defendant to prejudicial evidentiary rulings at trial; (3) produce an inadequate trial record and prevent the defendant from pleading double jeopardy as a bar to subsequent prosecution; and (4) increase the risk of conviction despite a non-unanimous verdict. *See Gomberg*, 715 F.2d at 845; *see also United States v. Kimberlin*, 781 F.2d 1247, 1250 (7th Cir. 1985).

■ Count one subjects Tutein to an appreciable risk that the jury may convict him of bribery under 18 U.S.C. § 666 without unanimously agreeing on either the October, 1998, or February, 1999, offers. Although the defendant has provided no authority for his proposition that "you can join separate means . . . but not separate offenses," (see Def.'s Reply, Nov. 10, 1999, at 8), the Court's research indicates that every corrupt offer warrants a separate charge under section 666. The Court joins those tribunals that have discarded the rule that multiple bribe offers are merely installments of the same transaction or offense.[2] The superceding indict-

---

[1] The Federal Rules of Criminal Procedure apply to all criminal proceedings in the District Court of the Virgin Islands. *See* FED. R. CRIM. P. 54(a).

[2] *See United States v. Karas*, 624 F.2d 500, 504 (4th Cir. 1980); *United States v. Anderson*, 165 U.S. App. D.C. 390, 509 F.2d 312, 332-33 (D.C. Cir. 1974); *United States v. Cohen*, 384 F.2d 699,

ment charges Tutein with federal bribery as a single offense comprised of two sets of facts, creating the danger that the jury could convict him of that offense without agreeing unanimously on either course of conduct. Count one is duplicitous, and must be dismissed.[3]

## 2. Can the Federal and Territorial Bribery Charges Be Tried Together?

Tutein argues that the government cannot simultaneously prosecute him for bribery concerning programs receiving federal funds, as charged in count one of the indictment, and the territorial offense of bribery, as charged in counts two and three, because counts two and three punish the same conduct as count one.[4]

The Supreme Court has interpreted the Double Jeopardy clause of the United States Constitution to proscribe multiple punishments by a single sovereign for the same offense. *See Albernaz v. United States*, 450 U.S. 333, 335-40, 67 L. Ed. 2d 275, 101 S. Ct. 1137 (1981); *see also Government of the Virgin Islands ex rel. Robinson v. Schneider*, 893 F. Supp. 490, 494 (D.V.I. 1995). As far as the United States Court of Appeals for the Third Circuit is concerned, "the Virgin Islands and the federal government are considered one sovereignty for the purposes of determining whether an individual may be punished under both Virgin Islands and United States statutes for a similar offense growing out of the same occurrence." *Brathwaite v. Government of the Virgin Islands*, 782 F.2d 399, 406 (3d Cir. 1986) (citing *Dowling v. Government of the Virgin Islands*, 633 F.2d 660, 669 (3d Cir. 1980)). The Dowling court observed that

---

700 (2d Cir. 1967); *United States v. Keegan*, 331 F.2d 257, 260 (7th Cir. 1964); *United States v. Alaimo*, 297 F.2d 604, 606 (3d Cir. 1961) (construing bribery provision of Taft-Hartley Act); *see also Biddle v. Wilmot*, 14 F.2d 505, 507 (8th Cir. 1926).

[3] As the defendant has raised this issue before trial, the government may cure this defect in the indictment without resorting to a special jury interrogatory that might disclose the basis for any federal bribery conviction. *Cf. Pungitore v. United States*, 910 F.2d 1084, 1136 (3d Cir. 1990) (concluding that appellant's duplicity concerns, raised after conviction, were "entirely hypothetical because the jury returned special interrogatories which indicated the theory . . . upon which the jury relied.").

[4] The *Virgin Islands Code* generally authorizes the United States Attorney to prosecute federal and territorial offenses in any criminal case brought before the District Court. *See* REV. ORG. ACT § 27. The complete Revised Organic Act appears at 48 U.S.C. §§ 1541-1645 (1994), and has been reprinted at pages 73-177 of the first volume of the Virgin Islands Code.

federal and territorial criminal laws that punish the same conduct are "subject to the rule . . . that but one sentence may be imposed in respect to all of those offenses." *See Dowling*, 633 F.2d at 669 (citing *Prince v. Massachusetts*, 352 U.S. 322, 327-28, 1 L. Ed. 2d 370, 77 S. Ct. 403 (1957)).

■ Counts two and three of the indictment plainly seek to punish the same conduct as count one — bribery. Like its federal counterpart, the Virgin Islands' general bribery statute prohibits persons from giving bribes to public officers with intent to influence the exercise of those officers' powers. *Compare* 18 U.S.C. § 666(A)(2) with 14 V.I.C. § 406 and 1 V.I.C. § 41. The jury may weigh coextensive federal and territorial charges, however, so long as the Court imposes a general sentence or otherwise ensures that the defendant is not punished twice for the same offense of bribery. *See Braithwaite*, 782 F.2d at 407-08 & n.9; *Dowling*, 633 F.2d at 670; *Robinson*, 893 F. Supp. at 495; *cf. United States v. Sumler*, 136 F.3d 188, 192 (D.C. Cir. 1998) (reaching identical conclusion with regard to District of Columbia and United States statutes).

### 3. Is the Territorial Bribery Statute Unconstitutional for Vagueness or Overbreadth?

Although the Court held at the hearing on December 16, 1999, that the legal foundation for counts two and three, the Virgin Islands' bribery statute, was not unconstitutional and void for vagueness or overbreadth, Tutein's supplemental brief reargues the point. The Court will reiterate its previous decision.

The Supreme Court has long held that a criminal statute "which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." *Connally v. General Constr. Co.*, 269 U.S. 385, 391, 70 L. Ed. 322, 46 S. Ct. 126 (1926) (citations omitted). Criminal statutes must afford ordinary people a fair warning of prohibited conduct, and guard against the potential for arbitrary or discriminatory enforcement. *See Kolender v. Lawson*, 461 U.S. 352, 357, 75 L. Ed. 2d 903, 103 S. Ct. 1855 (1983); *Grayned v. City of Rockford*, 408 U.S. 104, 108, 33 L. Ed. 2d 222, 92 S. Ct. 2294 (1972).

■ Manifestly, the Virgin Islands Legislature codified a general bribery statute to eradicate bribery in nearly all of its guises. This statute, reproduced below,[5] employs language that has been used and upheld in many other states' bribery laws. *See, e.g., Agan v. Vaughn*, 119 F.3d 1538, 1542-43 (11th Cir. 1997) (upholding nearly-identical Georgia bribery law that did not contain an express *mens rea* term; noting similarity to other states' statutes). The words, "gives," "offers," "bribe," and "public officer" are all common words, with commonly-understood meanings or discernable definitions. The statute is not vague.

Tutein next argues that the local bribery statute is unconstitutionally overbroad because the word "bribe" precedes the phrase, "or any money, property, or value of any kind, or any promise or agreement therefor." (*See* Def.'s Supp. Br. at 12.) He maintains that the Legislature created an offensive association between bribery and campaign contributions by fixing the word "or" between "bribery" and other words connoting things of value.

Overbreadth occurs when a law's application is, or would be, unconstitutional in a substantial proportion of cases. *See Broadrick v. Oklahoma*, 413 U.S. 601, 615, 37 L. Ed. 2d 830, 93 S. Ct. 2908 (1973) ("Where conduct and not merely speech is involved . . . the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.").

---

[5] **§ 406 Bribing certain public officers**

> A person who gives or offers, or causes to be given or offered, a bribe, or any money, property, or value of any kind, or any promise or agreement therefor, to a public officer, or to a person executing any of the functions of a public office, or to a person elected, appointed, or designated to thereafter execute the same, with intent to influence him in respect to any act, decision, vote, opinion or other proceedings, in the exercise of the powers or functions which he has or may have, is punishable by a fine of not more than $1,000, or imprisonment for not more than five years, or both. In addition to any such fine and/or imprisonment provided for by this section, any benefit granted or obtained as a result of such act, decision, vote, opinion or other proceeding shall be void as to the briber and/or recoverable from the briber as the circumstances of the particular case may dictate.

14 V.I.C. § 406. According to the Virgin Islands Code, the word "bribe" signifies anything of value or advantage, present or prospective, or any promise or understanding to give any, asked, given, or accepted, with a corrupt intent to influence, unlawfully, the person to whom it is given, in his action, vote or opinion, in any public or official capacity.

1 V.I.C. § 41.

415

The defendant has not demonstrated that the territorial bribery statute is so sweeping.

Tutein has marshaled no legislative history in support of his argument that the phrase, "or any money, property, or value of any kind, or any promise or agreement therefor," constitutes an independent, collateral element of the bribery statute. But his strained interpretation of that phrase does violence to the statute's abundantly clear, limited purpose. According to the ancient principle of *ejusdem generis*, "general words that follow particular words should be construed as referring to the same class of things." *See* BLACK'S LAW DICTIONARY 464 (5th ed. 1979). In the statute at issue, the Legislature introduced a key concept, the corruptly-offered element of value, with the specific word, "bribe." The general words that follow, such as "money," or "property," refer to the same class of valuables, and carry that word's taint. Indeed, the entire statute focuses on corrupt offers. It states that "any benefit granted or obtained as a result of such act, decision, vote, opinion or other proceeding . . . shall be void as to the briber," regardless of the valuable consideration offered. *See* 14 V.I.C. § 406 (emphasis added). The bribery statute does not proscribe protected speech.

■ Further, the government's decision to prosecute this case does not bring the scope of the bribery statute into serious question. Reasonable jurors may be able to conclude at trial that the October, 1998, cash offer and the February, 1999, vehicle offer alleged in the superceding indictment were bribes, not *bona fide* campaign contributions.[6] "[A] private party has no First Amendment right to petition the Government by means of . . . payment

---

[6] The superceding indictment dispels any question that the defendant may have possessed regarding the criminal intent required for conviction under 14 V.I.C. § 406. The Sixth Amendment to the Constitution declares that "in all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." *See* U.S. CONST. amend VI; REV. ORG. ACT § 3. Congress incorporated this requirement into the Federal Rules of Criminal Procedure, which state that "the indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c). The Court must reject Tutein's claim that count two does not require proof of intent because it clearly charges that he "did knowingly and intentionally give, offer, and cause to be given or offered, a bribe and money to Allison Petrus." (*See* S.I. at 3 (emphasis added).) As previously discussed, the word "bribe" connotes a corrupt intent both in ordinary parlance and the law. *See supra* (citing 1 V.I.C. § 41). Likewise, the superceding indictment adds the word "bribe" to count three. (*See* S.I. at 4.) Hence, counts two and three properly state offenses.

of bribes." *See* In re *Airport Car Rental Antitrust Litig.*, 474 F. Supp. 1072, 1087 (N.D. Cal. 1979) (citing *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 512-13, 30 L. Ed. 2d 642, 92 S. Ct. 609 (1972)). The Virgin Islands' general bribery statute is not unconstitutional for vagueness or overbreadth.

**4. Is the Territorial Conflicts of Interest Statute, Cited in Counts Four and Five, Void for Vagueness or Overbreadth?**

Finally, Tutein contends that the legal foundation for counts four and five, the Virgin Islands' Conflicts of Interest statute, is unconstitutional and void for vagueness or overbreadth. Counts four and five charge that the defendant "did knowingly and intentionally induce and seek to induce" Senator Petrus "to have an interest financial and otherwise [that] was in substantial conflict with the proper discharge of his duties." (*See* S.I. at 5-6.) This charge echoes the applicable statute, which states:

**§ 1107. Inducement to conflict of interest**

No person shall induce or seek to induce any territorial officer or employee to violate any provision of [the Conflicts of Interest law].

3 V.I.C. § 1107. The indictment states that Tutein allegedly sought to induce Petrus to violate section 1102 of the Conflicts of Interest law. That section provides, in pertinent part:

**§ 1102 Prohibited Acts**

No territorial officer or employee shall . . .

. . . .

(3) have any interest, financial or otherwise . . . which is in substantial conflict with the proper discharge of his duties in the public interest and of his responsibilities as prescribed in the laws of the Virgin Islands.

*Id.* § 1102(3); (*see also* S.I. at 5-6). Section 1103 further defines the phrase "substantial conflict of interest":

A person subject to this chapter has an interest which is in substantial conflict with the proper discharge of his duties in the public interest and of his responsibilities as prescribed in the laws of the Virgin Islands or a personal

417

interest, arising from any situation, within the scope of this chapter, if he will derive a direct monetary gain or suffer a direct monetary loss, as the case may be, by reason of his official activity.

3 V.I.C. § 1103. No such conflict exists, however, if the person accrues some benefit or detriment, "as a member of an industry, profession, occupation, or group[,] to no greater extent than any other member of such business, profession, occupation, or group." *See id.*

Tutein's central complaint is that 3 V.I.C. §§ 1107, the inducement section, does not contain an express *mens rea* term. This complaint fails to recognize that the Conflicts of Interest statute imposes a uniform *mens rea* requirement for conviction: "[a]ny person who *knowingly* violates a provision of this chapter shall be guilty of a public offense." *See id.* § 1108 (emphasis added). This knowledge requirement completely bars the government from doing what the defendant contends has happened in this case, namely, prosecuting a person for failing to have "prior knowledge of the Senator's financial interests." (*See* Def.'s Supp. Br. at 21.)

Tutein also complains that his alleged February, 1999, offer of vehicles to a youth outreach program favored by Petrus could not, as a matter of law, create a substantial conflict with the proper discharge of Petrus' duties because Petrus would only have a "remote interest" in those vehicles. The Conflicts of Interest statute declares that

> [a] territorial officer or employee shall not be deemed to be interested in a contract entered into by a public agency of which he is a member if he had only a remote interest in the contract . . . . As used in this chapter[,] "remote interest" means that of a . . . nonprofit organization.

*See* 3 V.I.C. § 1104(a); 1104(b)(1). The offers alleged in the indictment were not "contract[s] entered into by a public agency," however, so the Court also must reject the defendant's second complaint.

■ The Virgin Islands' Conflicts of Interest statute is an intricate and comprehensive measure aimed at the scourge of government

418

corruption, which strikes at the very heart of our democratic system of governance. The Court of Appeals and this tribunal have applied this statute on numerous occasions without finding it constitutionally infirm. *See General Eng'g Corp. v. Virgin Islands Water & Power Auth.*, 805 F.2d 88 (3d Cir. 1986), *aff'g* 636 F. Supp. 22, 21 V.I. 436 (D.V.I. 1985); In *re Subpoenas of the Legislature of the Virgin Islands*, 21 V.I. 409 (D.V.I. 1985). Tutein has not shown that this statute is vague, or infringes upon protected speech.

## CONCLUSION

Although count one of the indictment against Tutein is duplicitous, the Court does not share the defendant's view that it must strike the remaining counts of the indictment for failure to state a crime, the risk of multiple punishments, and vagueness or overbreadth. Consequently, the Court will dismiss count one, and deny the defendant's other motions to dismiss or strike. An appropriate Order shall issue.

ENTERED this 1st day of February, 2000.

## ORDER

For the reasons expressed in the attached Memorandum, it is

ORDERED that Count One of the Superceding Indictment procured by the United States of America on December 29, 1999, is DISMISSED. The defendant's remaining motions to dismiss or strike are DENIED in all other respects.

ENTERED this 1st day of February, 2000.